IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL MODRALL,

      Plaintiff,

vs.                                                                                  No. CIV 04-1009 RB/LFG

CHI OPERATING, INC. and PATTERSON-
UTI DRILLING COMPANY, a Corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Opposed Motion to Remand Case to State Court (Doc. 10), filed on October 12, 2004. Having reviewed the submissions of the parties and the relevant law, I find that the motion is well-taken and should be granted.

I.    **Background.**

On August 5, 2004, Modrall filed suit in the Fifth Judicial District Court, County of Eddy, State of New Mexico. In her complaint, Modrall alleged that she operated a small business in Carlsbad, New Mexico. (Compl. ¶ 1.) Sometime prior to March 2004, Defendant Chi Operating, Inc. obtained a permit from the City of Carlsbad to drill a gas well within the Carlsbad city limits. (Compl. ¶ 4.) Chi Operating hired Defendant Patterson-UTI Drilling Company to drill the well. (Compl. ¶ 5.)

Modrall alleges that, on March 11, 2004, Patterson negligently failed to monitor the well during the drilling process. (Compl. ¶¶ 6-10.) As a result of the negligence, the well blew out,

causing a discharge of gas that continued for five days. (Compl. ¶ 11.) Modrall was unable to operate her business for four days and incurred lost income. (Compl. ¶ 12.) Modrall requested compensatory and punitive damages. (Compl. ¶ 13.)

Defendants removed the case on September 8, 2004, alleging diversity jurisdiction. (Doc. 1.) On October 12, 2004, Modrall moved to remand on the ground that the amount in controversy does not satisfy the diversity jurisdiction statutory requisite of $75,000. Modrall has submitted an affidavit stating that her business is a small restaurant that has never had a net profit of more than $600 per day, and that she sought that amount "and a like amount for the inconvenience and annoyance to her property rights." (Modrall Aff. ¶ 2.) Modrall requests an award of fees and costs incurred in connection with the motion to remand.

**II.    Discussion.**

An action is removable only if the federal court would have original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). For diversity jurisdiction to arise, there must be diversity of citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Removal statutes are strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and there is a presumption against removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995). In determining whether the amount in controversy requirement is met, the court may consider the substance and nature of the injuries and damages described in the pleadings. *Hanna v. Miller*, 163 F. Supp.2d 1302, 1306 (D. N. M. 2001). This includes any request for punitive damages. *Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996).

The facts alleged in the complaint are insufficient to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Modrall's affidavit confirms that the actual amount of compensatory damages falls well below $75,000. Because the amount in controversy is less than $75,000, the motion to remand should be granted.

Modrall requests an award of attorney fees and costs on the ground that it was obvious that the total amount of damages was less than $75,000, and the Supreme Court established a multiplier for punitive damages in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, (2003). The district court has discretion to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. §1447(c). I find that the request for fees and costs should be denied. The complaint did not identify the nature of the small business. Some types of small businesses could incur monetary damages in the five figures if they were shut down for four days. Although "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," the Court explicitly refrained from setting a bright-line rule. *Campbell*, 538 U.S. at 425. In this case, the total amount of compensatory damages could have been significantly higher than the amount now claimed, depending on the nature of the business. Defendants acted in good faith in removing this case and each party should bear its own costs.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Opposed Motion to Remand Case to State Court (Doc. 10), filed on October 12, 2004, is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Fifth Judicial District

3

Court, County of Eddy, State of New Mexico.

     **IT IS FURTHER ORDERED** that each party shall bear its own costs.

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**